# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
03/23/2022
CT Log Number 541278915

TO:     Legal Sop
        Best Buy Enterprise Services, Inc.
        7601 PENN AVE S
        RICHFIELD, MN 55423-3683

RE:     **Process Served in New Jersey**

FOR:    Best Buy Co., Inc.  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOSEPH MARMON and CHRISTINE MARMON // To: Best Buy Co., Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate, Attachment(s), Request |
| **COURT/AGENCY:** | GLOUCESTER COUNTY - SUPERIOR COURT, NJ<br>Case # GLOL00029622 |
| **NATURE OF ACTION:** | Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/23/2022 at 03:01 |
| **JURISDICTION SERVED :** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days after service, , not counting the date of receipt |
| **ATTORNEY(S) / SENDER(S):** | Robert J. Incollingo<br>401 Kings Highway South, Suite 3B<br>Cherry Hill, NJ 08034<br>856-857-1500 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/23/2022, Expected Purge Date: 03/28/2022<br><br>Image SOP<br><br>Email Notification,  Legal Sop  ctlegalsop@bestbuy.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Mar 23, 2022

**Server Name:** Drop Service

| Entity Served | BEST BUY CO., INC. |
|---|---|
| Case Number | GLOL00029622 |
| Jurisdiction | NJ |



Robert J. Incollingo, Esq.
401 Kings Highway South, Suite 3B
Cherry Hill, New Jersey  08034
(856) 857-1500
RJI@RJILAW.COM
NJ Attorney ID 031291990
Attorney for Plaintiffs Joseph Marmon and Christine Marmon

|  |  |
|---|---|
| JOSEPH MARMON and CHRISTINE MARMON,<br><br>    Plaintiffs,<br><br>vs.<br><br>BEST BUY CO., INC., a Minnesota corporation trading as Geek Squad;  and DOES 1 through 100, inclusive,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br><br>GLOUCESTER COUNTY<br><br>DOCKET NO. GLO-L-000296-22<br><br>Civil Action<br><br>**SUMMONS** |

From The State of New Jersey to the Defendant(s) Named Above:

   The plaintiffs, named above, have filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.   A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

DATED: March 23, 2022                    \s\ Michelle M. Smith
                                         Clerk of the Superior Court


Name of Defendant to be Served:          Best Buy Co., Inc.

Name of Agent for Service of Process:    CT Corporation System
Agent/SOP Address:                       820 Bear Tavern Road
                                         West Trenton NJ 08628


R:\ILL\1735Marmon\pld\geeksquad.sum.wpd 3/23/22   R:\ILL\1735Marmon\pld\geeksquad.sum.wpd 3/23/22

Robert J. Incollingo, Esq.
401 Kings Highway South, Suite 3B
Cherry Hill, New Jersey 08034
(856) 857-1500
RJI@RJILAW.COM
NJ Attorney ID 031291990
Attorney for Plaintiffs Joseph Marmon and Christine Marmon

| | | |
|---|---|---|
| JOSEPH MARMON and CHRISTINE MARMON,<br><br>Plaintiffs,<br>vs.<br><br>BEST BUY CO., INC., a Minnesota corporation also known as Best Buy Co. of Minnesota, Inc., trading as Geek Squad;  and DOES 1 through 100, inclusive,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br><br>GLOUCESTER COUNTY<br><br>DOCKET NO.<br><br>Civil Action<br><br>**COMPLAINT** FOR:<br>  1. CONSUMER FRAUD (N.J.S.A. 56:8-19);<br>  2. SPOLIATION OF EVIDENCE;<br>  3. NEGLIGENT HIRING;<br>  4. NEGLIGENT RETENTION;<br>  5. NEGLIGENT SUPERVISION;<br>  6. NEGLIGENT ENTRUSTMENT;<br>  7. FRAUD;<br>  8. FRAUD;<br>  9. CONVERSION; and<br>  10. CIVIL LIABILITY FOR COMPUTER RELATED OFFENSE (N.J.S.A. 2A:38A-1, et seq.);<br>JURY DEMAND;<br>CERTIFICATION PURSUANT TO R. 4:5-1;<br>DESIGNATION OF TRIAL COUNSEL; and<br>CERTIFICATE OF NOTICE [NJSA 56:8-20] |

Plaintiffs Joseph Marmon and Christine Marmon, husband and wife residing at 11 Sickler

Court, Sewell, New Jersey 08080, complain and allege as follows:

## FIRST COUNT
(Consumer Fraud)

1.  Plaintiffs Joseph Marmon and Christine Marmon are and at all times herein mentioned were husband and wife residing at 11 Sickler Court, Sewell in the Township of Washington, County of Gloucester, State of New Jersey 08080.

2.  Plaintiffs Joseph Marmon and Christine Marmon, and each of them, are and at all times herein mentioned were "senior citizens" as defined in N.J.S.A. 56:8-1(f).

3.  Plaintiffs are informed and believe and thereon allege that defendant Best Buy Co., Inc. is and at all times herein mentioned was a corporation organized and existing pursuant to the laws of the State of Minnesota, doing business at 1851 Deptford Center Road in the Township of Deptford, County of Gloucester and elsewhere in the State of New Jersey, with its principal executive offices located at 7601 Penn Avenue South, in the City of Richfield, County of Hennepin, State of Minnesota 55423.

4.  Plaintiffs are informed and believe and thereon allege that defendant Best Buy Co., Inc. is and at all times herein mentioned was also known as Best Buy Co. of Minnesota, Inc., and is so named upon the records of the Treasurer of the State of New Jersey, under Business Entity Identification Number 0100592316.

5.  Plaintiffs are informed and believe and thereon allege that defendant Best Buy Co., Inc. is and at all times herein mentioned was trading as Geek Squad.

6.  Plaintiffs are informed and believe and thereon allege that fictitiously named defendants Does 1 through 50, inclusive, are individuals residing in the State of New Jersey and elsewhere, whose actual names are presently unknown, and whose activities in this judicial

district subject them to the personal jurisdiction of this court. Plaintiffs will amend this complaint to state the true names of these fictitiously named defendants when ascertained.

7.      Plaintiffs are informed and believe and thereon allege that fictitiously named defendants Does 51 through 100, inclusive, are associations or organizations, form unknown, doing business in the State of New Jersey, whose actual names are presently unknown, and whose activities in this judicial district subject them to the personal jurisdiction of this court. Plaintiffs will amend this complaint to state the true names of these fictitiously named defendants when ascertained.

8.      Plaintiffs are informed and believe and thereon allege that all of the fictitiously named defendants, and each of them, at all times herein mentioned were the agents, employees, and servants of the other defendants, and each of them, and at all times pertinent hereto were acting within the course and scope of said employment and agency.

9.      Wherever appearing in this complaint, each reference to defendants, or to any of them, is intended to be and shall be a reference to all defendants, and to each of them, named and unnamed, including all fictitiously named defendants, unless the reference is otherwise specifically qualified.

10.      Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants Does 1 through 50, inclusive, directly participated in, directed, and/or individually committed the actions and failures to act herein complained of, through, for and on the part of their corporate co-defendants Best Buy Co., Inc. and Does 51 through 100, inclusive.

11.    Plaintiffs are informed and believe and thereon allege that each of the defendants was at all times herein mentioned acting in concert with, and in conspiracy with, each and every one of the remaining defendants.

12.    On or about Tuesday, February 15, 2022, plaintiff Joseph Marmon called defendant Best Buy Co., Inc. at its Deptford, New Jersey store on the telephone on behalf of himself and his wife Christine Marmon, to arrange for repair or other restoration of functionality to plaintiffs' nonworking computer printer.

13.    Plaintiffs are informed and believe and thereon allege that at the time they called defendant Best Buy Co., Inc., plaintiffs and Best Buy Co., Inc. were parties to a Geek Squad Protection Plan computer service contract whereby in consideration of the contract price, defendant Best Buy Co., Inc. undertook to diagnose and repair plaintiffs' computer and to protect plaintiffs from computer fraud, viruses and scammers.

14.    Plaintiffs are informed and believe and thereon allege that at the time they called defendant Best Buy Co., Inc., certain of their personal contact and credit information, including information concerning how to log on remotely to plaintiffs' home laptop computer, was then in the keeping of the defendants from an earlier "Geek Squad" service transaction between plaintiffs and defendant Best Buy Co., Inc. pursuant to the above-described computer service contract.

15.    Plaintiffs' February 15, 2022 telephone call to defendant Best Buy Co., Inc. was routed to and answered by defendant Doe 1.  Defendant Doe 1 identified himself to plaintiffs as a Geek Squad agent, and he questioned plaintiff Joseph Marmon about his computer printer service issue.

16.     Defendant Doe 1 then directed plaintiffs to turn on plaintiffs' home computer so that he could access it remotely from the Geek Squad department of the defendant Best Buy Co., Inc. to determine and address the source of the problem with the plaintiffs' computer printer.

17.     Plaintiffs did as directed, whereupon defendant Doe 1 took remote control of the plaintiffs' home computer and told plaintiffs that he could see that plaintiffs' computer was being "hacked" by a third party who was trying, at night, to get into plaintiffs' personal bank account. Defendant Doe 1, speaking on the telephone while in remote control of plaintiffs' computer, showed plaintiffs alarming examples of what he said were attempts to enter plaintiffs' personal bank account during the night.

18.     Defendant Doe 1 then told plaintiffs that he would transfer their telephone call to a Best Buy / Geek Squad security agent for them to speak with to address the problem. Defendant Doe 1 then transferred the call and gave over remote control of plaintiffs' computer to defendant Doe 2, a woman who came on to the line and brought up plaintiffs' bank account website onto the shared screen of plaintiffs' home computer.

19.     Defendant Doe 2 directed plaintiffs to enter plaintiffs' bank password into the bank website log-on page, so that she and plaintiffs could see if any money had been stolen. Plaintiffs did so.  Defendant Doe 2 reviewed the bank account along with plaintiffs, and told plaintiffs that although it appeared that luckily no money had been taken, she would have to lock down the account so that defendants could catch the "hackers" before their next, possibly successful, attempted theft.

20.     Defendant Doe 2 then directed plaintiffs to leave their computer on twenty-four hours a day so defendants could monitor the plaintiffs' bank account and catch whoever was

purportedly trying to hack plaintiffs' account.  Defendant Doe 2 gave plaintiffs a telephone number, extension number and a password with which to call her, and she told plaintiffs that she and they would later communicate on the telephone to update plaintiffs on the purported fraud surveillance.

21.     Immediately after that telephone call, plaintiffs had no online access to their bank account, and plaintiffs' home laptop computer was completely locked.  Plaintiffs called defendant Doe 2 back on the telephone number she had given them, and asked defendant Doe 2 to free up the home laptop computer and restore plaintiffs' online access so that plaintiffs could look at their bank account.  Defendant Doe 2 replied that her security team had discovered that plaintiffs' cell phones were also hacked, and that the surveillance would have to continue uninterrupted all night.  Defendant Doe 2 told plaintiffs not to mention anything to anybody about the matter until her investigation was complete.

22.     On Wednesday, February 16, 2022, defendant Doe 2 called plaintiffs on the telephone and told them that her security team had captured two people, one in Florida and one in Pennsylvania, trying to access plaintiffs' bank account, but that there were still more criminals at large trying to hack the account.

23.     Defendant Doe 2 told plaintiffs that as they could see by what she showed them on their computer screen, that plaintiffs' own money was still on deposit, and she told plaintiffs that she wanted to make it clear that no one could get into plaintiffs' bank account unless plaintiffs called her and she removed her security "lock" on plaintiffs' laptop computer, but she said she wanted to ask plaintiffs if they could help defendants set a trap for the remaining

perpetrators. By doing this, defendant Doe 2 said, plaintiffs would be protecting elderly senior citizens from having their bank accounts cleaned out.

24.    Plaintiffs told the phony fraud investigator defendant Doe 2 they would be willing to assist in capturing the crooks. Defendant Doe 2 then freed up plaintiffs' bank account and told plaintiffs that defendants had deposited fifty thousand dollars into plaintiffs' bank account, to be added to the approximately thirty thousand dollars of plaintiffs' own money already there, as a lure to catch the hackers still at large. Defendant Doe 2, in remote control of plaintiffs' home laptop computer, showed plaintiffs what she said was a screen shot of plaintiffs' bank account, reflecting the supposed fifty thousand dollar deposit.

25.    Defendant Doe 2 then told plaintiffs on the telephone to go to their bank and order an international wire transfer for thirty thousand dollars as part of the program to catch the remaining hackers. Defendant Doe 2 told plaintiffs to keep her on the telephone call the whole time they were going to their bank, and during the arrangement of the wire transfer, that plaintiffs had to be very circumspect and that she would tell plaintiffs what to tell the bank clerk.

26.    Defendant Doe 2 coached plaintiffs through arrangement of an international wire transfer while she remained on the telephone, and directed plaintiffs to drive home and call her. Back at their house, plaintiffs called the phony fraud investigator as directed, and defendant Doe 2, in remote control of plaintiffs' laptop computer, photographed the wire transfer paperwork while plaintiffs, at her direction, held it up to the laptop's camera. Defendant Doe 2 said they could all talk the next day about the results of the planned sting operation.

27.    On Thursday, February 17, 2022, plaintiffs called defendant Doe 2 on the telephone, and were told that the security team needed a couple of days to investigate suspicious

activity in plaintiff's Discover credit card account.  Defendant Doe 2 told plaintiffs she would call them back.

28.     On Friday, February 18, 2022, plaintiffs called defendant Doe 2 on the telephone, but the phone was not answered.

29.     On Saturday, February 19, 2022, plaintiffs again called defendant Doe 2 on the telephone, but the phone was not answered.  They did not call on Sunday February 20, 2022.

30.     On Monday, February 21, 2022, plaintiffs called defendant Doe 2 on the telephone, and defendant Doe 2 told plaintiffs that since it was Presidents' Day and a bank holiday, she could not give them the final word on resolution, but for plaintiffs to call her the next day.

31.     On Tuesday, February 22, 2022, plaintiffs called again for defendant Doe 2.  This time the telephone line was disconnected.

32.     Plaintiffs then called the fraud department at their bank.  The bank representative said the bank would close plaintiffs' account immediately, and that it appeared that no fifty thousand dollar deposit had ever been made into the account.  The thirty thousand dollars withdrawn from the account by wire transfer had come from plaintiffs' own savings.

33.     Thereafter plaintiff Joseph Marmon called defendant Best Buy Co., Inc. at its Deptford, New Jersey store on the telephone on behalf of himself and his wife Christine Marmon, and informed the employee who answered the line that he was calling to report a scam by their employee who had removed thirty thousand dollars from plaintiffs' bank account.  The phone went dead, but then defendant Doe 3, a different Geek Squad representative of defendant Best Buy Co., Inc., came on the line and informed plaintiffs that he would have to make an

investigation case file on plaintiffs' complaint, and he then provided plaintiffs with a file number for their complaint.

34.     Defendant Doe 3 then went in to plaintiffs' laptop computer remotely and started looking through all of plaintiffs' files, highlighting six files that he said the scammers had use to control plaintiffs' computer.  Defendant Doe 3 immediately removed the highlighted files from plaintiffs' laptop, and asked plaintiffs for more information for the complaint investigation case file.  Plaintiffs provided Defendant Doe 3 all the information he asked for and he ended the call.

35.     On Wednesday, February 23, 2022, plaintiffs' bank representative opened  a new bank account for them, and plaintiffs set about "pointing" their automatic deposits and creditors to online connection to the new account.  However, the banker instructed plaintiffs that no online account access could be provided to plaintiffs themselves so long as malicious software from the fraudulent scheme might remain on plaintiffs' home laptop computer, and that the home laptop computer should be checked for this.

36.     Thereafter, on or about Wednesday, February 23, 2022, plaintiff Joseph Marmon called defendant Best Buy Co., Inc. at its Deptford, New Jersey store on the telephone on behalf of himself and his wife Christine Marmon, to arrange for defendant Best Buy Co., Inc. / Geek Squad to check to see if there was any residual malware on plaintiffs' laptop computer.  The Geek Squad agent who answered the phone remotely accessed plaintiffs' laptop computer and determined that the laptop still had malicious software, and he recommended that plaintiffs bring the laptop computer to the Deptford store have it attended to, but he could not offer an immediate appointment for that purpose.

37.     On Friday, February 25, 2022, plaintiff Joseph Marmon called defendant Best Buy Co., Inc. at its Moorestown, New Jersey store, and secured an appointment to have plaintiffs' laptop computer looked at and the residual malware stripped out.  Plaintiffs brought the laptop computer to the Moorestown store, where the resident Geek Squad agent, fictitiously named herein as defendant Doe 4, advised plaintiffs to restore the computer to "factory settings."  In reliance on the advice given by Defendant Doe 4, plaintiffs authorized that particular work and it was performed by the defendants and the laptop computer was thereafter picked up by the plaintiffs and brought home.

38.     After several days, plaintiffs called defendant Best Buy Co., Inc. to check up on their complaint investigation case file. The Best Buy Co., Inc. employee who answered the telephone looked up the plaintiffs' complaint investigation case file, but when plaintiffs asked him if plaintiffs could have a copy of the file, he informed plaintiffs he was unable to give them a copy.  Plaintiffs immediately asked for a new case file to be opened for their request of a full report on the defendants' investigation, and were assigned a second complaint investigation case file number.

39.     The next day, plaintiffs called defendant Best Buy Co., Inc. at its Deptford , New Jersey store, and attempted to explained their problem to a store employee.  They were told that a corporate representative would contact plaintiffs within forty-eight hours regarding their complaint.  No such call was ever received.

40.     The computer and printer repair services sold to plaintiffs by defendants are "merchandise" within the scope of the Consumer Fraud Act, Section 56:8-1(c) of the New Jersey Statutes.

41.    The conduct of defendants in connection with their sale and performance of computer and printer repair services to plaintiffs, herein complained of, constituted unconscionable commercial practices, deception, false pretense, misrepresentation and fraud, and unlawful affirmative acts and knowing omissions in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.

42.    As a proximate result of defendants' conduct and omissions herein complained of, plaintiffs have suffered an ascertainable loss of money and property in excess of the minimum jurisdiction of this court.

43.    In the institution of these proceedings, plaintiffs have employed Robert J. Incollingo, Esquire as their attorney and ask that a reasonable attorney's fee be allowed and awarded plaintiffs for and account of said attorney's fees herein.

WHEREFORE, plaintiffs Joseph Marmon and Christine Marmon request judgment against defendants and each of them, for refund of all moneys acquired by means of the consumer fraud, for compensatory damages, for prejudgment interest thereon, for treble damages according to statute, for reasonable attorneys' fees according to statute, for filing fees and reasonable costs of suit according to statute, and for such other and further legal and equitable relief as the Court may deem appropriate.

## SECOND COUNT
(Spoliation of Evidence)

1.    Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 43, inclusive, of the first count of this complaint.

2.    The misconduct complained of herein has resulted in the filing of the above-captioned civil litigation by plaintiffs.

3.      When defendants Doe 3 and Doe 4 destroyed the files used to remotely control plaintiffs' laptop computer and restored the plaintiffs' laptop computer to factory default settings, they knew or should have known that the misconduct complained of herein would probably result in litigation involving the plaintiffs.

4.      The destruction of the files used to remotely control plaintiffs' laptop computer and the subsequent restoration of the plaintiffs' laptop computer to factory default settings by the defendants destroyed computer files which were potential evidence of the defendants' misconduct as alleged hereinabove, proximately resulting in disruption of the plaintiff's case.

5.      Plaintiffs are informed and believe and thereon allege that the willful or possibly negligent destruction of evidence by the defendants was designed to disrupt the plaintiffs' case.

6.      The wrongful acts by Doe 3 and Doe 4 occurred within the scope of the said employees' employment, in furtherance of its business, and were known or should have been known by their employer, the defendant Best Buy Co., Inc., which is vicariously and additionally liable therefor.

7.      As a proximate result of the destruction of potential evidence by defendants, plaintiffs have sustained damage, namely plaintiffs' opportunity to prove their claims was interfered with substantially, and plaintiffs have suffered damages in a sum to be ascertained at trial.

WHEREFORE, plaintiffs Joseph Marmon and Christine Marmon request judgment against defendants and each of them, for a finding by the Court that the evidence destroyed by the defendants would have been probative in favor of the plaintiffs on the legal and factual issues

herein alleged and that such finding be made the law of the case, for compensatory damages, for costs of suit, and for such other and further relief as the Court may deem just and proper.

<u>THIRD COUNT</u>
(Negligent Hiring against defendant Best Buy Co., Inc.)

1.      Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 43, inclusive, of the first count of this complaint.

2.      At all times herein relevant, defendant Best Buy Co., Inc. owed a duty to plaintiffs and other members of the public to refrain from hiring unfit, dangerous, dishonest or incompetent persons to provide computer repair services to consumers such as the plaintiffs.

3.      At all times herein relevant, fictitiously named defendant Doe 1 was unfit, dangerous, dishonest or incompetent to repair computers and sell related repair services.

4.      Plaintiffs are informed and believe and thereon allege that defendant Best Buy Co., Inc. breached its duty through failure to use due diligence in screening defendant Doe 1 when it hired him for the position of computer repair sales and services.

5.      Plaintiffs are informed and believe and thereon allege that given reasonable foreseeability, defendant Best Buy Co., Inc. knew or should have known of the likelihood of harm resulting to third persons when it hired defendant Doe 1.

6.      In the course of his sale and performance of computer repair services to the plaintiffs, defendant Doe 1, acting in concert and conspiracy with Doe 2, defrauded plaintiffs out of their savings as hereinabove alleged.

7.      Defendant Best Buy Co., Inc.'s tortious misconduct in hiring defendant Doe 1 as its employee for the position of sales and performance of computer repair services to consumers was the proximate cause of plaintiffs' loss and damage as herein alleged.

WHEREFORE, plaintiffs Joseph Marmon and Christine Marmon request judgment against defendants and each of them, for compensatory damages, for costs of suit, and for such other and further relief as the Court may deem just and proper.

## FOURTH COUNT
(Negligent Retention against defendant Best Buy Co., Inc.)

1.    Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 43, inclusive, of the first count of this complaint.

2.    At all times herein relevant, fictitiously named defendant Doe 1 was unfit, dangerous, dishonest or incompetent to repair computers and sell related repair services.

3.    At all times herein relevant, defendant Best Buy Co., Inc. owed a duty to plaintiffs and other members of the public to remove an employee, and in particular defendant Doe 1, after knowledge that the employee was abusing his authority or responsibility in a way that posed a danger to others.

4.    Plaintiffs are informed and believe and thereon allege that defendant Best Buy Co., Inc. breached its duty when it retained defendant Doe 1 in the position of sales and performance of computer repair services to consumers, after knowledge that defendant Doe 1 was abusing his authority or responsibility in a way that posed a danger to others.

5.    Plaintiffs are informed and believe and thereon allege that given reasonable foreseeability, defendant Best Buy Co., Inc. knew or should have known of the likelihood of harm resulting to third persons when it retained defendant Doe 1.

6.    In the course of his sale and performance of computer repair services to the plaintiffs, defendant Doe 1, acting in concert and conspiracy with Doe 2, defrauded plaintiffs out of their savings as hereinabove alleged.

7.      Defendant Best Buy Co., Inc.'s tortious misconduct in retaining defendant Doe 1 as its employee for the position of sales and performance of computer repair services to consumers was the proximate cause of plaintiffs' loss and damage as herein alleged.

WHEREFORE, plaintiffs Joseph Marmon and Christine Marmon request judgment against defendants and each of them, for compensatory damages, for costs of suit, and for such other and further relief as the Court may deem just and proper.

## FIFTH COUNT
(Negligent Supervision against defendant Best Buy Co., Inc.)

1.      Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 43, inclusive, of the first count of this complaint.

2.      At all times herein relevant, fictitiously named defendant Doe 1 was unfit, dangerous, dishonest or incompetent to repair computers and sell related repair services.

3.      At all times herein relevant, defendant Best Buy Co., Inc. owed a duty to plaintiffs and other members of the public to supervise its employees, and in particular defendant Doe 1, who were engaged in the sale and performance of computer repair services to consumers such as and including plaintiffs.

4.      Plaintiffs are informed and believe and thereon allege that defendant Best Buy Co., Inc. breached its duty when it failed to supervise defendant Doe 1 in the sale and performance of computer repair services to plaintiffs.

5.      Plaintiffs are informed and believe and thereon allege that given reasonable foreseeability, defendant Best Buy Co., Inc. knew or should have known of the likelihood of harm resulting to third persons such as and including plaintiffs when it failed to supervise defendant Doe 1.

6.      In the course of his sale and performance of computer repair services to the plaintiffs, defendant Doe 1, acting in concert and conspiracy with his fellow con artist Doe 2, defrauded plaintiffs out of their savings as hereinabove alleged.

7.      Defendant Best Buy Co., Inc.'s tortious misconduct in failing to supervise its employee defendant Doe 1 was the proximate cause of plaintiffs' loss and damage as herein alleged.

WHEREFORE, plaintiffs Joseph Marmon and Christine Marmon request judgment against defendants and each of them, for compensatory damages, for costs of suit, and for such other and further relief as the Court may deem just and proper.

## SIXTH COUNT
(Negligent Entrustment against defendant Best Buy Co., Inc.)

1.      Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 43, inclusive, of the first count of this complaint.

2.      At all times herein relevant, fictitiously named defendant Doe 1 was unfit, dangerous, dishonest or incompetent to repair computers and sell related repair services.

3.      At all times herein relevant, defendant Best Buy Co., Inc. owed a duty to plaintiffs and to safeguard plaintiffs' personal contact and credit information in its keeping.

4.      Plaintiffs are informed and believe and thereon allege that defendant Best Buy Co., Inc. breached its duty when it allowed defendant Doe 1 access to plaintiffs' personal contact and credit information, which Doe 1 used for the purpose of selecting and grooming plaintiffs as victims in connection with the misconduct complained of in the first count.

5.      Plaintiffs are informed and believe and thereon allege that given reasonable foreseeability, defendant Best Buy Co., Inc. knew or should have known of the likelihood of

harm resulting to third persons when it allowed defendant Doe 1 access to plaintiffs' personal contact and credit information.

6.      In the course of his sale and performance of computer repair services to the plaintiffs, defendant Doe 1, acting in concert and conspiracy with Doe 2, defrauded plaintiffs out of their savings as hereinabove alleged.

7.      Defendant Best Buy Co., Inc.'s tortious misconduct in failing to safeguard plaintiffs' personal contact and credit information was the proximate cause of plaintiffs' loss and damage as herein alleged.

WHEREFORE, plaintiffs Joseph Marmon and Christine Marmon request judgment against defendants and each of them, for compensatory damages, for costs of suit, and for such other and further relief as the Court may deem just and proper.

SEVENTH COUNT
(Fraud against Doe 1)

1.      Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 43, inclusive, of the first count of this complaint.

2.      When defendant Doe 1 told plaintiffs that he could see that plaintiffs' computer was being "hacked" by a third party who was trying, at night, to get into plaintiffs' personal bank account, and that he would transfer their telephone call to a Best Buy / Geek Squad security agent for them to speak with to address the problem, those statements were in fact false and known by Doe 1 to be false.

3.      The misrepresentations set forth hereinabove were made by defendant Doe 1 with the intent to induce plaintiffs to rely on them and to believe in the spurious credentials of

defendant Doe 2, who was in fact defendant Doe 1's confederate and fellow con artist working to defraud plaintiffs and to steal their savings.

4.     Plaintiffs, at the time the misrepresentations were made, were ignorant of their falsity and believed them to be true. Plaintiffs reasonably relied on defendant Doe 1's statements, and such reliance was justified because plaintiffs were engaged in a contractual relationship with defendant Best Buy Co., Inc., a national and prestigious company, pursuant to the above-described computer service contract, and plaintiffs had a history of satisfactory past service transactions with "Geek Squad" employees and/or agents of Best Buy Co., Inc., and because defendant Doe 1 showed plaintiffs dummied-up but realistic apparent evidence of hacking on their computer screen in real time from his remote location at the Best Buy Co., Inc. store facility, and because plaintiffs had no way of knowing that misidentified third parties with criminal intentions could be introduced to them in a telephone call to Best Buy Co., Inc., wherefore plaintiffs had no reason to doubt or to inquire further into the truthfulness of defendant Doe 1's assertions. In reliance thereon, plaintiffs were induced to and did place their trust and confidence in defendant Doe 2, and entered into a further course of dealings with defendant Doe 2, to their detriment and ultimate damage as hereinabove alleged. Had plaintiffs known the actual facts, they would not have taken such action.

5.     As a proximate result of the defendants' fraudulent misrepresentations, plaintiffs have been damaged in an amount to be ascertained at trial.

6.     Defendants' acts and conduct as alleged in this cause of action were fraudulent, malicious and oppressive and done with the intent to vex, injure and annoy plaintiffs and in

conscious disregard of their rights.  Plaintiffs are therefore entitled to award of punitive and exemplary damages in an amount sufficient to punish and deter.

WHEREFORE, plaintiffs Joseph Marmon and Christine Marmon request judgment against defendant Doe 1 for compensatory damages, for exemplary damages in an amount sufficient to punish and deter, for costs of suit, and for such other and further relief as the Court may deem just and proper.

### EIGHTH COUNT
(Fraud against Doe 2 and Does 5 to 100, inclusive )

1.      Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 43, inclusive, of the first count, and paragraphs 2 through 6, inclusive, of the eighth count of this complaint.

2.      When defendant Doe 2 told plaintiffs that she was part of a team of security agents monitoring the plaintiffs' bank account in order to catch whoever was purportedly trying to hack plaintiffs' account, and thereafter made a series of statements in furtherance of her scheme to steal the savings from plaintiffs' bank account by wire transfer, those statements were in fact false, and she made those statements with the intention that plaintiffs rely on them.

3.      Plaintiffs, at the time the misrepresentations were made, were ignorant of their falsity and believed them to be true.  Plaintiffs reasonably and justifiably relied on defendant Doe 2's statements because she was introduced to plaintiffs by defendant Doe 1, who plaintiffs trusted and reasonably relied on for all the reasons set forth above.  In reliance thereon, plaintiffs were induced to and did place their trust and confidence in defendant Doe 2, and entered into a further course of dealings with defendant Doe 2, to their detriment and ultimate damage as hereinabove alleged.  Had plaintiffs known the actual facts, they would not have taken such action.

4.      As a proximate result of the defendants' fraudulent misrepresentations, plaintiffs have been damaged in an amount to be ascertained at trial.

5.      Defendants' acts and conduct as alleged in this cause of action were fraudulent, malicious and oppressive and done with the intent to vex, injure and annoy plaintiffs and in conscious disregard of their rights.  Plaintiffs are therefore entitled to award of punitive and exemplary damages in an amount sufficient to punish and deter.

WHEREFORE, plaintiffs Joseph Marmon and Christine Marmon request judgment against defendants Doe 2 and Does 5 to 100, inclusive, for compensatory damages, for exemplary damages in an amount sufficient to punish and deter, for costs of suit, and for such other and further relief as the Court may deem just and proper.

NINTH COUNT
(Conversion against Does 1 to 100, inclusive)

1.      Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 43, inclusive, of the first count of this complaint.

2.      In doing the things herein complained of, defendants Does 1 to 100, inclusive, have wrongfully exercise dominion and control over property owned by plaintiffs, i.e., the thirty thousand dollars removed from plaintiffs' savings account, in a manner inconsistent with plaintiffs' rights.

3.      As a proximate result of the defendants' tortious misconduct, plaintiffs have been damaged in an amount to be ascertained at trial.

4.      Defendants' acts and conduct as alleged in this cause of action were fraudulent, malicious and oppressive and done with the intent to vex, injure and annoy plaintiff and in

conscious disregard of her rights. Plaintiffs are therefore entitled to award of punitive and exemplary damages in an amount sufficient to punish and deter.

WHEREFORE, plaintiffs request judgment against defendants Does 1 to 100, inclusive, and each of them for compensatory damages, for punitive damages, for reasonable attorney's fees, costs of suit, pre-judgment interest, and for such other and further relief as the Court may deem just and proper.

TENTH COUNT
(Civil Liability for Computer Related offense - N.J.S.A. 2A:38A-1, et seq.)

1.      Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 43, inclusive, of the first count of this complaint.

2.      The computer which defendants wrongfully accessed is located in the County of Gloucester, State of New Jersey, and where a terminal used in the accessing is situated, and where the actual damage occurred, wherefore venue of this action is proper under N.J.S.A. 2A:38A-6.

3.      Defendants accessed or attempted to access plaintiffs' computer under false pretenses and without legal authority in contravention of the statute in such cases provided, N.J.S.A. 2A:38A-3.a.

4.      Defendants purposefully and knowingly accessed plaintiffs' computer and plaintiffs' online computerized bank records data, and obtained an international wire transfer, i.e., a transaction authorization mechanism and therefore a "financial instrument" under the statutory definition of N.J.S.A. 2A:38A-1.j., and obtained a computer representation of an international wire transfer, under false pretenses and without legal authority, in contravention of the statute in such cases provided, N.J.S.A. 2A:38A-3.d.

COMPLAINT - PAGE 21

5.    Defendants purposefully and knowingly accessed and obtained data from plaintiffs' online computerized bank records under false pretenses and without legal authority, in contravention of the statute in such cases provided, N.J.S.A. 2A:38A-3.e.

6.    As hereinabove alleged, plaintiffs have been damaged in their property as a result of the purposeful, knowing, and unauthorized accessing or attempt to access plaintiffs' computer by defendants, in an amount subject to proof at trial.

7.    Pursuant to N.J.S.A. 2A:38A-3, plaintiff is entitled to recover from defendants on account of the conduct complained of, compensatory and punitive damages, costs of suit including a reasonable attorneys' fee, costs of investigation and litigation and, pursuant to N.J.S.A.2A:38A-5, injunctive relief.

WHEREFORE, plaintiffs request judgment against defendants and each of them for compensatory damages, for punitive damages according to statute in an amount sufficient to punish and deter, for costs of suit, for attorney's fees according to statute, for costs of investigation and litigation according to statute, and for such other and further relief as the Court may deem just and proper.

Dated:  March 22, 2022          /s/ Robert J. Incollingo
                                Robert J. Incollingo, Attorney for
                                Plaintiffs Joseph and Christine Marmon

JURY DEMAND

Plaintiffs demand trial by jury.

Dated:  March 22, 2022          /s/ Robert J. Incollingo
                                Robert J. Incollingo, Attorney for
                                Plaintiffs Joseph and Christine Marmon

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that the matter in controversy is not the subject of any other action pending in any other court and is likewise not the subject of any pending arbitration proceeding. I further certify that I have no knowledge of any contemplated action or arbitration proceeding which is contemplated regarding the subject matter of this action. I am not presently aware of any other party who should be joined in this action. I further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b). I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

Dated:  March 22, 2022          /s/ Robert J. Incollingo
                                Robert J. Incollingo, Esq.

## DESIGNATION OF TRIAL COUNSEL

In accordance with R. 4:5-1(c) and R. 4:25-4, Robert J. Incollingo, Esquire is hereby designated as trial counsel for the plaintiffs Joseph Marmon and Christine Marmon in the above matter.

Dated:  March 22, 2022          /s/ Robert J. Incollingo
                                Robert J. Incollingo, Attorney for
                                Plaintiffs Joseph and Christine Marmon

## CERTIFICATE OF NOTICE

Pursuant to NJSA 56:8-20, plaintiffs are mailing a copy of this complaint to the Office

of the Attorney General, Division of Consumer Affairs, P.O. Box 45025, Newark, New Jersey

07101, within 10 days after the filing of such pleading with the court.

Dated: March 22, 2022          /s/ Robert J. Incollingo
                               Robert J. Incollingo, Attorney for
                               Plaintiffs Joseph and Christine Marmon

C:\RJI\1L\1735Marmon\pld\geeksquad.cpt.wpd 3/22/22

# Civil Case Information Statement

| **Case Details: GLOUCESTER | Civil Part Docket# L-000296-22** |
|---|

**Case Caption:** MARMON JOSEPH  VS BEST BUY CO., INC.

**Case Initiation Date:** 03/22/2022

**Attorney Name:** ROBERT JOHN INCOLLINGO

**Firm Name:** ROBERT J. INCOLLINGO

**Address:** 401 KINGS HIGHWAY SOUTH STE 3B CHERRY HILL NJ 08034

**Phone:** 8568571500

**Name of Party:** PLAINTIFF : Marmon, Joseph

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** TORT-OTHER

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**Are sexual abuse claims alleged by: Joseph Marmon?** NO

**Are sexual abuse claims alleged by: Christine Marmon?** NO

| **THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE** |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
      **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
      **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/22/2022
Dated

/s/ ROBERT JOHN INCOLLINGO
Signed

Robert J. Incollingo, Esq.
401 Kings Highway South, Suite 3B
Cherry Hill, New Jersey  08034
(856) 857-1500
RJI@RJILAW.COM
NJ Attorney ID 031291990
Attorney for Plaintiffs Joseph Marmon and Christine Marmon

|  |  |
|---|---|
| JOSEPH MARMON and CHRISTINE MARMON, <br><br> Plaintiffs, <br><br> vs. <br><br> BEST BUY CO., INC., a Minnesota corporation also known as Best Buy Co. of Minnesota, Inc., trading as Geek Squad;  and DOES 1 through 100, inclusive, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br><br> GLOUCESTER COUNTY <br><br> DOCKET NO. GLO-L-000296-22 <br><br> Civil Action <br><br> PLAINTIFFS' **REQUEST FOR PRODUCTION**, INSPECTION AND COPYING OF DOCUMENTS AND TANGIBLE THINGS TO DEFENDANT [RULE 4:18] |

PROPOUNDING PARTIES:
    Christine Marmon and Joseph Marmon
RESPONDING PARTY:
    Best Buy Co., Inc.

TO DEFENDANT BEST BUY CO., INC.:

PLEASE TAKE NOTICE that plaintiffs Christine Marmon and Joseph Marmon, represented by attorney Robert J. Incollingo, demand that defendant Best Buy Co., Inc. produce for inspection, copying and photographing the following described documents and tangible things pursuant to Rule 4:18, on Friday, May 20, 2022 at 10:00 a.m. at the Law Office of Robert J. Incollingo, 401 Kings Highway South, Suite 3B, Cherry Hill, NJ  08034:

A.    Definitions.

As used herein:

1.    All references to plaintiffs shall mean plaintiffs Christine Marmon and Joseph Marmon, or either of them or where applicable in context, their employees, consultants, representatives and agents, and all other persons acting or purporting to act on their behalf.

2.    "Document" means a "writing" as that term is comprehensively defined in Rule 801(e) of the New Jersey Rules of Evidence, and shall include without limitation all e-mails and e-mail attachments.

3.    "All documents" means every document, as above defined, whether an original or copy, known to you and every such document which can be located or discovered by reasonably diligent efforts.

4.    "Pertaining to" means consisting of, relating to, referring to, supporting, connected with, commenting on, discussing, showing, describing, mentioning, analyzing, evidencing, or having any logical or factual connection with the matter referred to.

5.    "Meeting" means any coincidence or presence of, or telephone conversations between persons, whether such meeting was by chance, pre-arranged, formal, informal, or in connection with some other activity or not.

6.    "Communication" means any oral or written transmittal or receipt of words or information, by whatever manner or means, and regardless of how or by whom the communication was initiated and shall include any contact between two or more persons including without limitation written contact by transmittal of any document as hereinabove defined, and oral contact by face to face meeting or by telephone. Reference to communication with business entities shall be deemed to include all officers, directors, employees, agents or other representatives of such entities.

7.    "And" and "any" mean "any and all."

8.    "Representative" means any person who acts, has at any time acted, or has at any time by any person been requested or solicited to act, at another's request, for another's benefit, or on another's behalf, or who so acts or who has so acted at any time with another's knowledge, consent, or acquiescence.

2.    "You" and "your" mean and include the responding party Best Buy Co., Inc., its agents, employees and attorneys, and all persons acting for and on behalf of said entity during the time period covered by this request.

B.    Instructions.

1.    All documents are to be produced in their original file folders, binders or other covers. When a document or group of documents is taken out of the file folder, binder, cover, file drawer, file box, or notebook, but where the same is produced, a copy of the label on the said cover from which the document or group of documents was removed is to be attached thereto.

2.      If a document is in a language other than English, an English language translation thereof is to be produced with the document.

3.      If documents covered by this request are withheld under a claim of privilege, a list identifying each document for which privilege is claimed, together with the following information: date, author, recipient, persons to whom copies were furnished, together with their job titles, subject matter, all bases on which privilege is claimed, the person on whose behalf the privilege is asserted and the paragraph of this request to which such documents are responsive is to be furnished.

4.      The form in which the document is maintained does not affect its availability. If a document is maintained in a computer, you are required to retrieve that document pursuant to this request and provide a legible printout with the requested document.  The process of retrieving the computer-based information may result in the creation of a new document when the data is printed out on paper or written on computer disk or other media.  Since this may be the only way computerized data can be disclosed, you are to provide the data even if it means that a new document must be created.  Any record layouts/data dictionaries and code sheets necessary to interpret the data are to be produced with the document and its printout.

5.      You shall specify which documents are produced in the response to each of the numbered paragraphs.

If any document herein requested was formerly in the possession, custody or control of defendant Best Buy Co., Inc. and has been lost or destroyed, responding party is requested to submit in lieu of each document a written statement which:

(a)     Describes in detail the nature of the document and its contents;

(b)     Identifies the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

(c)     Specifies the date on which the document was prepared or transmitted or both;

(d)     Specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

If any documents otherwise required to be produced by this request are withheld, responding party shall identify the document by stating its date, author, recipients and the reason for withholding.

This request for production of documents is continuing and any document obtained or located subsequent to production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

6.      Time Period. The following designated items for production pertain to the events noted in plaintiffs' complaint and the complaint investigation files filed by plaintiffs Christine Marmon and Joseph Marmon pursuant to the terms of their Geek Squad repair services agreement. Unless otherwise specifically qualified, the documents sought are those coming into existence after January 1, 2017.

C.      Document Requests.

1.      The defendant Best Buy Co., Inc.'s complete file pertaining to plaintiffs' first customer complaint made in or about February 2022, more fully referred to in plaintiffs' complaint, believed to have been assigned Best Buy / Geek Squad customer complaint investigation file number 281783714 (hereinafter, "Claim #281783714"), including but not limited to the following:

(a) All intra-office and interoffice memoranda or other forms of written communication (including without limitation, all e-mails) to or from any representative of defendant Best Buy Co., Inc. pertaining to the intake and initial evaluation of Claim #281783714;

(b) All written communication between defendant Best Buy Co., Inc. and any third party pertaining to the intake and initial evaluation of Claim #281783714;

(c) All written communication between defendant Best Buy Co., Inc. and plaintiffs Christine Marmon and Joseph Marmon or their representatives pertaining to the intake and initial evaluation of Claim #281783714;

(d) All intra-office and interoffice memoranda or other forms of written communication (including without limitation, all e-mails) to or from any representative of defendant Best Buy Co., Inc. pertaining to the continuing evaluation and processing of Claim #281783714;

(e) All written communication between defendant Best Buy Co., Inc. and any third party pertaining to the continuing evaluation and processing of Claim #281783714;

(f) All written communication between defendant Best Buy Co., Inc. and plaintiffs Christine Marmon and Joseph Marmon or their representatives pertaining to the continuing evaluation and processing of Claim #281783714;

(g) All intra-office and interoffice memoranda or other forms of written communication (including without limitation, all e-mails) to or from any representative of defendant Best

Buy Co., Inc. pertaining to the investigation of Claim #281783714, including related investigative reports and police reports;

(h) All written communication between defendant Best Buy Co., Inc. and any third party pertaining to the  investigation of Claim #281783714, including related investigative reports with exhibits and police reports;

(i) All written communication between defendant Best Buy Co., Inc. and plaintiffs Christine Marmon and Joseph Marmon or their representatives pertaining to the investigation of Claim #281783714, including related investigative reports and police reports;

(j) All intra-office and interoffice memoranda or other forms of written communication (including without limitation, all e-mails) to or from any representative of defendant Best Buy Co., Inc. pertaining to the proposed resolution of Claim #281783714;

(k) All written communication between defendant Best Buy Co., Inc. and any third party pertaining to the proposed resolution of Claim #281783714; and

(l) All written communication between defendant Best Buy Co., Inc. and plaintiffs Christine Marmon and Joseph Marmon or their representatives pertaining to the proposed resolution of Claim #281783714.

2.      The defendant Best Buy Co., Inc.'s complete file pertaining to plaintiffs' second customer complaint made in or about February 2022, more fully referred to in plaintiffs' complaint, believed to have been assigned Best Buy / Geek Squad customer complaint investigation file number 282240508 (hereinafter, "Claim #282240508"), including but not limited to the following:

(a) All intra-office and interoffice memoranda or other forms of written communication (including without limitation, all e-mails) to or from any representative of defendant Best Buy Co., Inc. pertaining to the intake and initial evaluation of Claim #282240508;

(b) All written communication between defendant Best Buy Co., Inc. and any third party pertaining to the intake and initial evaluation of Claim #282240508;

(c) All written communications between defendant Best Buy Co., Inc. and plaintiffs Christine Marmon and Joseph Marmon or their representatives (including without limitation, all e-mails) pertaining to the intake and initial evaluation of Claim #282240508;

(d) All intra-office and interoffice memoranda or other forms of written communication (including without limitation, all e-mails) to or from any representative of defendant Best

PLAINTIFFS' REQUEST FOR PRODUCTION, INSPECTION AND COPYING OF
DOCUMENTS AND TANGIBLE THINGS TO DEFENDANT [RULE 4:18] - page 5

Buy Co., Inc. pertaining to the continuing evaluation and processing of Claim #282240508;

(e) All written communications between defendant Best Buy Co., Inc. and any third party pertaining to the continuing evaluation and processing of Claim #282240508;

(f) All written communication between defendant Best Buy Co., Inc. and plaintiffs Christine Marmon and Joseph Marmon or their representatives pertaining to the continuing evaluation and processing of Claim #282240508;

(g) All intra-office and interoffice memoranda or other forms of written communication (including without limitation, all e-mails) to or from any representative of defendant Best Buy Co., Inc. pertaining to the investigation of Claim #282240508, including related investigative reports and police reports;

(h) All written communication between defendant Best Buy Co., Inc. and any third party pertaining to the investigation of Claim #282240508, including related investigative reports with exhibits and police reports;

(i) All written communications between defendant Best Buy Co., Inc. and plaintiffs Christine Marmon and Joseph Marmon or their representatives pertaining to the investigation of Claim #282240508, including related investigative reports and police reports;

(j) All intra-office and interoffice memoranda or other forms of written communication (including without limitation, all e-mails) to or from any representative of defendant Best Buy Co., Inc. pertaining to the proposed resolution of Claim #282240508;

(k) All written communications between defendant Best Buy Co., Inc. and any third party pertaining to the proposed resolution of Claim #282240508; and

(l) All written communication between defendant Best Buy Co., Inc. and plaintiffs Christine Marmon and Joseph Marmon or their representatives pertaining to the proposed resolution of Claim #282240508.

(i) All photographs, motion pictures, or investigative reports of defendant Best Buy Co., Inc. concerning plaintiffs, taken by or on behalf of defendant Best Buy Co., Inc., pertaining to Claim #282240508;

(j) All other written documents in the possession of defendant Best Buy Co., Inc. pertaining to the processing of Claim #282240508; and

(k) All file folders or file jackets and adjacent or related exhibit folders in which any documents or other items described above are filed or maintained.

3.     Any of the documents described in Request numbers 1 or 2 above, including all sub-parts, that are filed or maintained outside of or apart from the defendant's customer complaint files.

4.     All documents prepared by or for you pertaining to plaintiffs Christine Marmon and Joseph Marmon, or either of them, not described or requested above.

5.     All computer files deleted by you from plaintiffs' laptop computer at any time.

6.     All documents tending to support the contention that you are a valid corporation in good standing with the State of New Jersey.

7.     All documents which comprise the Geek Squad computer service and repair contract existing at any time between you and plaintiffs, or either of them.

8.     Any and all investigative reports, both governmental and private, not requested above, concerning the transactions or occurrences which are the subject of this action, including but not limited to any such reports by experts who are expected to be called as trial witnesses.

9.     Any minutes or other written record of any meeting of an oversight committee, board of directors, policy committee, customer service committee, Geek Squad management or agents' committee or similar group concerning the handling of Claim #281783714.

10.    Any minutes or other written record of any meeting of an oversight committee, board of directors, policy committee, customer service committee, Geek Squad management or agents' committee or similar group concerning the handling of Claim #282240508.

11.    The complete personnel file for each Best Buy Co., Inc.'s Geek Squad agent, employee or representative who had direct dealings or communications with plaintiffs Christine Marmon and Joseph Marmon, or either of them, pertaining to the matters alleged in the plaintiff's complaint or the defenses asserted in the defendants' answer.

12.    All statements and interviews with persons associated with the matters alleged in the plaintiffs' complaint or the defenses asserted in the defendant's answer.

13.    All manuals, corporate policy statements, or other documents pertaining to the processing of customer complaints against defendant Best Buy Co., Inc.'s Geek Squad computer repair and service agents, technicians, managers, customer service representatives, and other personnel, including any changes or alterations to those manuals, statements, or documents.

14.     All manuals, educational materials, and written instructions used for the training of defendant Best Buy Co., Inc.'s Geek Squad computer repair and service agents, technicians, managers, customer service representatives, and other personnel who were involved in processing plaintiffs Christine Marmon and Joseph Marmon's customer complaints.

15.     All human resource / personnel manuals, materials, guidelines and written instructions used for the selection and hiring of defendant Best Buy Co., Inc.'s Geek Squad computer repair and service agents, technicians, managers, customer service representatives, and other personnel who had direct dealings or communications with plaintiffs Christine Marmon and Joseph Marmon, or either of them, pertaining to the matters alleged in the plaintiff's complaint or the defenses asserted in the defendants' answer.

16.     Any letters, memoranda, or other documentation relating to a state administrative or other governmental review of any relevant issue regarding the processing of plaintiffs Christine Marmon and Joseph Marmon customer complaints or a customer complaint similar to the ones submitted by plaintiffs Christine Marmon and Joseph Marmon.

17.     All documents referred to in your answers to Interrogatories served by any other party in the within litigation.

18.     Any and all written or recorded statements of any person(s) pertaining to the matters alleged in the defendant Best Buy Co., Inc.'s answer to plaintiffs' complaint or the defenses asserted in the answer by any of the defendants herein.

19.     Any and all documents which may or will be used as an exhibit at trial or any evidentiary hearing in this matter including color copies of any responsive photographs.

20.     Any and all documents which have been provided to any expert or lay witness who may or will be called to testify on your behalf at a trial or any evidentiary hearing in this matter.

21.     Any and all documents which you contend evidence your registration of all alternate corporate names used by you in the manner required by N.J.S.A. 14A:2-2.1(6).

22.     The declaration page of any policy of insurance through which you were or might be insured in any manner for the damages, claims or actions that have arisen out of the facts alleged in plaintiffs' complaint.

23.     Copies of any fidelity bonds for bonding employees, including but not limited to business services bonds, employee dishonesty bonds, or other bonds which provide protection for you or your customers and clients from dishonest acts by your employees in the State of New Jersey.

24.     Copies of any surety bonds not described above, which may answer for the claims alleged in plaintiffs' complaint filed and served in this litigation.

25.     All documents which you contend support or establish of your affirmative defenses to plaintiffs' claims, damages or refutation of claims made in this litigation.

26.     All documents which identify the man referred to as Doe 1 in plaintiffs' complaint.

27.     All documents which identify the woman referred to as Doe 2 in plaintiffs' complaint.

28.     All documents which identify the man referred to as Doe 3 in plaintiffs' complaint.

29.     The written response required by Rule 4:18, itemized with particularity as to the categories for production described in all other requests for production of documents served by other parties in this case.

30.     The Certification or Affidavit of Completeness required by Rule 4:18-1(c), submitted by the person responding to this request.

PLEASE TAKE FURTHER NOTICE that plaintiff Joseph and Christine Marmon request that defendant Best Buy Co., Inc. serve the written response required by Rule 4:18, itemized with particularity as to the above described categories for production, within 50 days after service of this request upon you.

Dated:  March 22, 2022            /s/ Robert J. Incollingo
                                  Robert J. Incollingo, Attorney for
                                  Plaintiffs Joseph and Christine Marmon

PLAINTIFFS' REQUEST FOR PRODUCTION, INSPECTION AND COPYING OF
DOCUMENTS AND TANGIBLE THINGS TO DEFENDANT [RULE 4:18]  -  page 9

CERTIFICATION OR AFFIDAVIT OF COMPLETENESS
Rule 4:18 (c)

I (the undersigned) hereby certify (or aver) that I have reviewed the document production request and that I have made or caused to be made a good faith search for documents responsive to the request. I (each of the undersigned) further certify (or aver) that as of this date, to the best of my knowledge and information, the production is complete and accurate based on (___) my personal knowledge and/or (___) information provided by others.   I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them. The following is a list of the identity and source of knowledge of those who provided information to me:


DATED:                    _____
                          Authorized agent for Best Buy Co., Inc.



                          _____
                          Print Name Here




C:\RJI\1L\1735Marmon\dsc\marmon2geeksquad.rpd.wpd 3/22/22

```
GLOUCESTER COUNTY COURTHOUSE
GLOUCESTER COUNTY CIVIL DIVISION
1 NORTH BROAD ST
WOODBURY        NJ 08096
                                   TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 878-5050
COURT HOURS  8:30 AM - 4:30 PM


               DATE:    MARCH 22, 2022
               RE:      MARMON JOSEPH  VS BEST BUY CO., INC.
               DOCKET: GLO L -000296 22


     THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JOHN C. EASTLACK JR

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     103
AT:  (856) 878-5050 EXT 15251.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: ROBERT J. INCOLLINGO
                              ROBERT J. INCOLLINGO
                              401 KINGS HIGHWAY SOUTH
                              STE 3B
                              CHERRY HILL      NJ 08034


ECOURTS
```

GLO-L-000296-22   03/28/2022 10:47:20 AM   Pg 1 of 1   Trans ID: LCV20221254498

JOSEPH MARMON, ET AL

                                                    **Plaintiff**

                        vs

BEST BUY CO., INC., ET AL

                                                    **Defendant**

20220323122023

Superior Court Of New Jersey

GLOUCESTER Venue

Docket Number: GLO L 296 22

**Person to be served** (Name and Address):
BEST BUY CO., INC.,
820 BEAR TAVERN ROAD
WEST TRENTON  NJ  08628
**By serving:** CT CORPORATION SYSTEM

**Attorney:** ROBERT J. INCOLLINGO, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT
NOTICE, CERTIFICATIONS, REQUEST FOR PRODUCTION,

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

**Service Data:**      [X] Served Successfully          [ ] Not Served

Date/Time:     3/23/2022 2:07 PM        _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

NICOLE GUIDO

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX:F   AGE:36-50  HEIGHT: 5'9"-6'0"    WEIGHT: 131-160 LBS.    SKIN:WHITE        HAIR:BROWN    OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                            Date/Time: _____
                            Date/Time: _____

Other: _____

**To Be Used Where Electronic Signature Not Available**
Served Data:
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____      _____
   Name of Notary         Commission Expiration

**Docusign Court Approved E-Signature**

I, JANE NUNN,
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.
*JANE NUNN*

_____          03/23/2022
Signature of Process Server                    Date

Name of Private Server: JANE NUNN  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952